IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LINDSAY ENGRAVING, INC., | |
| Plaintiff, | 4:16-CV-17 |
| vs. | MEMORANDUM AND ORDER |
| VU NGOC ANH, et al., | |
| Defendants. | |

This matter is before the Court on the plaintiff's motion for default judgment (filing 18). The complaint in this case was filed on January 14, 2016. Filing 1. The defendant—Vu Ngoc Anh, Vu Thuy Duong, Le Duy Giap, and Andu Engraving Tools—were each served with process by common carrier on January 29, 2016.[1] Filing 11; filing 12; filing 13; filing 14. No timely answer was filed. The clerk's entry of default was entered, on the plaintiff's motion, on February 23, 2016. Filing 17. The plaintiff now moves for default judgment (filing 18), which will be granted.

Before granting default judgment, the Court considers whether the facts alleged in the complaint state a claim for relief. When a default judgment is entered, facts alleged in the complaint—except as to damages—may not be later contested. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). But it remains for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Id*. It is incumbent upon the Court to ensure that the unchallenged facts constitute a legitimate cause of action before entering final judgment. *Marshall*, 616 F.3d at 852-53.

The plaintiff's first four claims for relief are for patent infringement. In a patent case, a patentee need only plead facts sufficient to place the alleged

---

[1] Because Vietnam is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, *opened for signature* Nov. 15, 1965, 20 U.S.T. 361; there is no "internationally agreed means of service" within the meaning of Fed. R. Civ. P. 4(f)(2), and service pursuant to Rule 4(f)(2)(C)(ii) and 4(f)(3) is appropriate. *See*, *Cambria Co., LLC v. Pental Granite & Marble, Inc.*, Civ. No. 12-228, 2013 WL 1249216, at *10 (D. Minn. Mar. 27, 2013); *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 691 (S.D. Fla. 2012); *see also Gannon Int'l, Ltd. v. Blocker*, No. 4:10-cv-835, 2011 WL 111885, at *6-7 (E.D. Mo. Jan. 13, 2011), *aff'd*, 684 F.3d 785 (8th Cir. 2012).

infringer on notice. *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). A claim of direct infringement is sufficient if it alleges ownership of the asserted patent, names the individual defendants, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law involved. *Id.; see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007). The plaintiff's complaint meets that standard. The plaintiff alleges ownership of the '256, '315, '798, and '586 patents and describes how those patents have been infringed by the defendants.

The plaintiff's remaining claims are for infringement of their common law trademarks for the terms "AirGraver" and "Uniform-Parallel Point," brought pursuant to 15 U.S.C. § 1125(a). On those claims, the plaintiff must allege that it has a protected common law trademark and that defendants' use of the mark is likely to cause confusion as to the origin of their products and services. *Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*, 393 F.3d 755, 759 (8th Cir. 2005). The Court finds that the plaintiff has sufficiently alleged its protected common law marks and that the defendants have infringed those marks in a manner likely to cause consumer confusion about their products.

Although the plaintiff pled a request for damages, its motion for default judgment narrows its request to injunctive relief against the defendants' patent and trademark infringements. Accordingly, no hearing on damages is necessary, and the Court will enter a default judgment.

IT IS ORDERED:

1. The plaintiff's motion for default judgment (filing 18) is granted.

2. United States Letters Patent Nos. 6,095,256, 6,508,315, 6,691,798, and 7,032,586 ('256, '315, '798, and '586 patents) are valid and enforceable.

3. Defendants have infringed the '256, '315, '798, and '586 patents.

4. Defendants have infringed plaintiff's common law trademark rights.

5. The defendants and their respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert

therewith are permanently enjoined from infringing, including infringement of, or contributing to the infringement of, the '256, '315, '798, and '586 patents.

6. The defendants and their respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith are permanently enjoined from infringing, including infringement of, or contributing to the infringement of Plaintiff's common law trademark rights in the trade names "AirGraver" and "Uniform-Parallel Point."

7. A separate judgment will be entered.

Dated this 5th day of April, 2016.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge